IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOYCE LUO, <br><br> Defendant. | 8:22-CR-01 <br><br> ADOPTION OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Plea of Guilty, Filing 17, recommending that the Court accept the defendant's plea of guilty to Count I of the Information. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the Findings and Recommendation of the Magistrate Judge, however, the Court notes that the defendant was advised he faced an assessment that does not apply.

Count I of the Information charges Defendant with violating 18 U.S.C. § 371, conspiracy to commit offense or to defraud United States. Filing 5. 18 U.S.C. § 371 falls under Chapter 19 of Title 18. The offenses defendant stands accused of conspiring to commit, 18 U.S.C. §§ 2422 and 2421, fall under Chapter 117 of Title 18. Filing 5. The defendant is not charged with the offenses under Chapter 117, however.

The Petition to Enter a Plea of Guilty, Filing 11 at 4, and the Plea Agreement, Filing 12 at 5, both indicate Defendant is subject to a $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014. Accordingly, the Magistrate Judge similarly advised the defendant of that potential penalty at the change of plea hearing. Filing 30 at

1

12. But the JVTA provides "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under [chapter 77, chapter 109A, chapter 110, chapter 117, or chapter 274 of Title 18]." 18 U.S.C. § 3014(a). Here, while the defendant conspired to commit offenses under chapter 117, the defendant has pleaded guilty to, and will only be convicted in this instance of an offense that falls under chapter 19. The offense at issue is therefore not subject to the JVTA assessment. Because the defendant was advised of a higher monetary penalty than the defendant will actually face however, there is no impact on defendant's substantial rights. *See United States v. Molzen*, 382 F.3d 805, 806 (8th Cir. 2004) (quoting *United States v. Morris*, 286 F.3d 1291, 1294 (11th Cir. 2002)) ("[W]e hold that failure to [properly advise a defendant of various monetary penalties] does not impact a defendant's substantial rights where he was warned of a potential fine larger than the actual amount [ordered in total]."). Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation, Filing 17, is adopted;

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

Dated this 8th day of March, 2022.

                                                BY THE COURT:

                                                _____
                                                Brian C. Buescher
                                                United States District Judge